# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 12-CR-1001-LRR |
| vs. | **ORDER** |
| KENNETH DAVID HAAG, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is the government's "Motion for an Order Directing the Release of Protected Health Information" ("Motion") (docket no. 95). The Motion is resisted by Defendant. *See* "Resistance to Government's Motion" ("Resistance") (docket no. 104).

## II. RELEVANT PROCEDURAL HISTORY

On February 11, 2013, the court accepted Defendant's plea of guilty to one count of transmitting threatening communications in interstate commerce. *See* February 11, 2013 Order (docket no. 47). On April 16, 2013, the court sentenced Defendant to thirty-three months imprisonment with three years of supervised release to follow. *See* Judgment (docket no. 58) at 1-3. As a special condition of supervision, the court ordered Defendant to "participate in a mental health evaluation and/or treatment program" and to "take all medications prescribed . . . by a licensed psychiatrist or physician." *Id*. at 4.

On January 21, 2015, the "United States Probation Office" ("Probation Office") petitioned the court to revoke Defendant's supervised release, alleging multiple instances of Defendant failing to abide by the court's special condition regarding mental health treatment, among other alleged violations. *See* January Petition to Revoke Supervision (docket no. 76) at 2-3. Defendant did not contest the alleged violations, *see* Notice of

Contested Issues (docket no. 83), and, after a hearing, the court modified Defendant's supervision to require Defendant to "sign releases of information" and otherwise allow the Probation Office to access information from "all licensed mental health and medical providers who are treating the defendant." Order Modifying the Conditions of Supervision (docket no. 86).

On October 9, 2015, the Probation Office again petitioned the court to revoke Defendant's supervised release, alleging new law violations obliquely raising concerns about Defendant's mental health, among other alleged violations. *See* October Petition to Revoke Supervision (docket no. 88) at 4-5; *see also id*. 36-39. On November 5, 2015, the government filed the Motion. On November 13, 2015, the Probation Office filed a supplemental and substituted petition to revoke Defendant's supervised release, which provides additional factual allegations underlying the alleged violations. First Supplemental and Substituted Petition to Revoke Supervision (docket no. 101). On November 16, 2015, Defendant filed the Resistance. On November 24, 2015, the court held a hearing on the Motion. November 24, 2015 Minute Entry (docket no. 108). Following the motion hearing, the court conducted an in camera review of the health information at issue. The matter is now ready for decision.

### III. ANALYSIS

In the Motion, the government requests a court order compelling the Probation Office to disclose records of Defendant's mental health treatment to the government. Motion at 1. The government argues that "[i]ssues concerning [D]efendant's present mental health are at the center of [D]efendant's ongoing supervision" and that the mental health issues "will also be relevant to the determination as to whether, or under what conditions, [D]efendant should be released in this matter." *Id*. Defendant resists disclosure on grounds of privacy—as protected by the "Health Insurance Portability and

2

Accountability Act of 1996" ("HIPAA")—and the psychotherapist–patient privilege. *See* Resistance at 1.

"HIPAA was enacted in order to assure an individual's right to privacy in his or her medical records." *United States v. Prentice*, 683 F. Supp. 2d 991, 1001 (D. Minn. 2010). The scheme assures privacy by restricting the situations in which a "covered entity" may disclose a patient's medical information. 45 C.F.R. § 164.502(a) ("A covered entity . . . may not use or disclose protected health information, except as permitted" elsewhere in the regulatory scheme). A "covered entity" subject to HIPAA includes: "(1) A health plan. (2) A health care clearinghouse. (3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter." 45 C.F.R. § 164.104(a). One exception to the general policy against disclosing protected health information allows for disclosure "[i]n response to an order of a court . . . provided that the covered entity discloses only the protected health information expressly authorized by such order." 45 C.F.R. § 164.512(e)(1)(i).

The Probation Office is not a "covered entity" insofar as it is not a health plan, health care clearinghouse or health care provider. As such, it is not subject to the restrictions on disclosure that HIPAA imposes on covered entities. Therefore, HIPAA does not categorically prohibit disclosure of medical records by the Probation Office.

Other privacy arguments and privilege arguments are made in Defendant's Resistance. However, the court need not address these issues at this time. After in camera review of the records at issue, the court concludes that disclosure to the government is not warranted. The instant petition to revoke supervision does not allege Defendant's noncompliance with mental health treatment or otherwise allege violations for which detailed reports of Defendant's treatment bear any relevance. Instead, the petition alleges new law violations, the alleged facts of which raise renewed concerns about Defendant's mental health. *See* First Supplemental and Substituted Petition to Revoke Supervision at

4-6. The court finds that the specific contours of Defendant's mental health counseling and treatment are not relevant to the violations alleged.

Further, there appears to be no dispute that Defendant has a history of mental illness and has received mental health treatment in the past. Certain mental health assessments were ordered by the court and appear under seal on record in this case. *See* Psychiatric Report (docket no. 27); Psychiatric Report (docket no. 34). And at Defendant's prior revocation hearing on February 5, 2015, it was established without contest that Defendant then failed to comply with mental health treatment. *See* January Petition to Revoke Supervision at 2-4 (alleging the violations); Defendant's Notice of Contested Issues ("Mr. Haag will not contest the violations listed in the Petition to Revoke Supervision."); February 5, 2015 Minute Entry (docket no. 85) (hearing establishing violations). As such, lacking access to the specific mental health information at issue will not undermine a recommendation by the government that additional mental health conditions are warranted. In any event, the court has reviewed the records and will consider them to the extent it deems necessary. Accordingly, the Motion shall be denied.

In the Resistance, defense counsel expressed that the "Probation Office believes it is not authorized to communicate to . . . [defense counsel] (even with a signed Release from . . . Defendant) the information it has received from medical personnel, including any mental health medical personnel." *See* Memorandum in Support of Resistance to Government's Motion (docket no. 105-1) at 3. Under HIPAA standards, even if the Probation Office was a covered entity, it is authorized to release Defendant's mental health records to defense counsel if Defendant gives his consent. *See* 45 C.F.R. § 164.502(a)(1)(i) (providing that "[a] covered entity is permitted to . . . disclose protected health information . . . [t]o the individual"). Accordingly, the Probation Office shall be directed to release Defendant's mental health information to defense counsel if presented with Defendant's appropriate written authorization.

## IV. CONCLUSION

For the foregoing reasons, the court **ORDERS** as follows:

(1) The government's Motion for an Order Directing the Release of Protected Health Information (docket no. 95) is **DENIED**;

(2) The Probation Office is **DIRECTED** to release Defendant's mental health information to defense counsel if presented with Defendant's appropriate written authorization.

**IT IS SO ORDERED**.

**DATED** this 15th day of December, 2015.

*[signature]*

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA